# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 10-578V
Filed: April 14, 2017

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| MORGAN A. JOHNSON, | \* | |
| | \* | |
| Petitioners, | \* | Special Master Sanders |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | Attorneys' Fees and Costs; |
| HUMAN SERVICES | \* | Fees for Travel; Expert Costs. |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Franklin John Caldwell, Jr., Maglio, Christopher & Toale, Sarasota, FL, for Petitioner.
Lara Ann Englund, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 26, 2010, Morgan Johnson ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program,[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she suffered from Systemic Lupus Erythematosus ("SLE") as a result of the administration of Human Papillomavirus ("HPV") vaccinations on November 21, 2007; March 5, 2008; and June 3, 2008. Pet. 1, ECF No. 1.

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 18, 2016, Special Master Hamilton-Fieldman issued a Decision dismissing Petitioner's claim. Decision 2, ECF No. 78. On March 10, 2017, Petitioner submitted a Motion for Attorneys' Fees. Mot. Att'ys' Fees, ECF No. 84. Respondent submitted his Response on March 20, 2017. Resp't Resp., ECF No. 85. Petitioner filed her Reply on March 21, 2017. Pet'r's Reply, ECF No. 86. After careful consideration, the undersigned grants Petitioner's Motion for Attorneys' Fees in part.

## I.  PROCEDURAL HISTORY

Special Master Hamilton-Fieldman issued an entitlement decision in this case after a two-part hearing, held on October 29, 2013 and December 17, 2013. Decision 2. In her Decision, Special Master Hamilton-Fieldman held that Petitioner failed to show that her injury was "caused-in-fact" by her HPV vaccinations. *Id.* at 7, 15. Under the test established by the Federal Circuit in *Althen*, petitioners must "set forth: '(1) a medical theory causally connecting the vaccination and the injury [('*Althen* Prong One')]; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury [('*Althen* Prong Two')]; and (3) a showing of a proximate temporal relationship between vaccination and injury [('*Althen* Prong Three')].'" *Id.* at 7 (quoting *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005)). Special Master Hamilton-Fieldman found that Petitioner failed to meet all of *Althen*'s prongs, and she dismissed the petition accordingly. *Id.* at 12-15.

In Petitioner's subsequent Motion for Attorneys' Fees, she requested $119,357.25 in fees and $36,261.09 in costs, totaling $155,618.34. Mot. Att'ys' Fees 1-2. Petitioner's counsel, Franklin John Caldwell, Jr., requested an hourly rate of $275 for work completed in calendar years 2009 and 2010. Pet'r's Ex. 120 at 24, ECF No. 84-1. He then increased his hourly rate to $300 for his work from 2011 to 2015. *Id.* For 2016, Mr. Caldwell requested an hourly rate of $356, and in 2017, he requested an hourly rate of $367. *Id.* Three other attorneys at Mr. Caldwell's firm also submitted hours related to their work in this case. *Id.* Anne C. Toale, an attorney with Mr. Caldwell's firm, requested an hourly rate of $275 for .7 hours, and Diana L. Stadelnikas, another attorney, requested an hourly rate of $300 for .1 hours of work. *Id.* Danielle A. Strait, the third attorney, requested an hourly rate of $295 for her work from 2013 to 2016 for 28.5 hours of work with this case. *Id.* She increased her hourly rate request to $320 for 2017. *Id.* Mr. Caldwell also requested hourly rates of $75, $95, $135, and $145 for the work of his firm's paralegals, respective to the paralegal's experience. *Id.* Petitioner's application included an invoice from her expert, Dr. Yehuda Shoenfeld, for $18,000. Pet'r's Ex. 121 at 84, ECF No. 84-2. Additionally, Petitioner's Motion included a statement averring that Petitioner did not incur any personal costs during the litigation of this case. Pet'r's Ex. 122, ECF No. 84-3.

Respondent's response stated that neither the Vaccine Act nor the Rules of the Vaccine Program "contemplate any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Resp't Resp. 1. Consequently, Respondent urged for the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner's Reply claimed that Respondent's position burdened the Court and prejudiced Petitioner. Pet'r's Reply 2. Without specific objections from Respondent, Petitioner argued, the Court determines fee applications without allowing petitioners the opportunity to

respond to any "issues or misperceptions." *Id.* Petitioner then argued that her requested rates are reasonable and that she met her burden establishing the reasonableness of her request. *Id.* at 3-5.

This matter is now ripe for a decision. For the reasons articulated below, the undersigned awards Petitioner $116,233.25 for attorneys' fees and costs in full, for a total award of $152,494.34.

## II.     STANDARDS FOR ADJUDICATION

When a petitioner in the Vaccine Program does not prevail on his or her claim, a special master may award attorneys' fees and other costs if "the petition was brought in good faith and there was a reasonable basis for which the petition was brought." § 15(e)(1); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013). "Good faith" is a subjective standard. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 479152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). Reasonable basis, on the other hand, can be met when a petition is filed with evidence. *See Chuisano v. Sec'y of Health & Human Servs.*, No. 07-452V, 2013 WL 6234660, at *8-10 (Fed. Cl. Spec. Mstr. Oct. 25, 2013), *mot. for rev. denied*, 116 Fed. Cl. 276 (2014). Respondent does not contest that this claim was filed in good faith and with a reasonable basis. The undersigned finds no evidence to indicate that this petition was filed in bad faith, and Petitioner demonstrated a reasonable basis for her petition by submitting an expert report in support of her claim. Therefore, Petitioner satisfied the requirements of § 15(e)(1), and the undersigned finds that it is appropriate to award reasonable attorneys' fees and costs in the current matter.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Attorneys may be awarded fees for travel if they provide adequate documentation that they performed legal work during that travel. *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). For example, an attorney that has been practicing for twenty or more years has an appropriate hourly

rate between $350 and $425. *Id.* An attorney with eight to ten years of experience, on the other hand, has a reasonable hourly rate between $275 and $350. *Id.*

### III. DISCUSSION

#### A. Reasonable Hourly Rate

The first step of the lodestar approach involves determining an estimate by calculating "the numbers of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quotation omitted). Petitioner's counsel, Mr. Caldwell, has been awarded a forum hourly rate of $356 for work performed in 2016 and $300 for work in the years prior. *Randall v. Sec'y of Health & Human Servs.*, No. 13-337V, 2016 WL 8118527, at *2 (Fed. Cl. Spec. Mstr. Dec. 21, 2016) (citing *Foster v. Sec'y of Health & Human Servs.*, No. 14-309V, 2016 WL 7233943 (Fed. Cl. Spec. Mstr. Nov. 15, 2016)). Mr. Caldwell also requests $367 per hour for his work performed in 2017. Mot. Att'ys' Fees 24. This is a 3% increase from his previous year's request of $356. Such an increase is acceptable under the customary 3.7% growth rate for attorneys' fees found in *McCullough v. Secretary of Health and Human Services*, No. 09-293V, 2015 WL 5634323, at *16 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Thus, the undersigned finds Mr. Caldwell's requested attorney hourly rates as reasonable.

The undersigned also finds the hourly rates requested for the work of the attorneys Anne Toale and Diana Stadelnikas reasonable. However, the undersigned must reduce the hourly rate requested by Danielle Strait for her work performed in 2017. For that year, she requested an hourly rate of $320, an 8.4% increase from her previous requested rate of $295. Mot. Att'ys' Fees 24. Therefore, the undersigned will award Ms. Strait the hourly rate of $306 for her work performed in 2017. This amount is Ms. Strait's 2016 request, $295 per hour, with a 3.7% increase. This reduction amounts to $4.00.

In *McCulloch*, Special Master Gowen found that it was reasonable to award $135 per hour to each paralegal who was "[a] well-qualified, carefully chosen college graduat[e]" with "several years at the firm doing exclusively vaccine work." 2015 WL 5634323 at *21. I find the requested amounts for paralegals reasonable, with one exception. Petitioner requested $145 for the work of Stacie J. Blanchard. Mot. Att'ys' Fees 24. Although Petitioner noted whether other paralegals are certified or registered, Petitioner offered no other information as to Ms. Blanchard's qualifications. Therefore, I will reduce Ms. Blanchard's hourly rate to $95 per hour, the same rate requested for paralegals not noted as certified or registered. This reduction amounts to $30.

#### B. Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. 515 F.3d at 1348. In a review of Mr. Caldwell's billing records, the undersigned did not find any duplicative billing requests. However, Mr. Caldwell requested his full hourly rate for his travel on August 7 and 11, 2012; October 27, 28, 29, and 30, 2013; and December 14 and 18, 2013. Pet'r's Ex. 120 at 7, 15, 16, 18, 19. Following *Gruber*, the undersigned will grant a full hourly rate for travel where an attorney provides documentation that

4

she or he performed work while traveling. 91 Fed. Cl. at 791; *see also Amani v. Sec'y of Health & Human Servs.*, No. 14-150V, 2017 WL 772536, at *6 (Fed. Cl. Spec. Mstr. Jan. 31, 2017).

Here, Mr. Caldwell requests $300 per hour for 2.3 hours of travel in August 2012; $300 per hour for 12.1 hours in October 2013; and $300 per hour for 6.7 hours in December 2013. Pet'r's Ex. 120 at 7, 15, 16, 18, 19. I will grant Mr. Caldwell half of these requested fees for his travel to Los Angeles, CA on August 7, 2012. This record only notes "usable in flight time not billed," which is insufficient for a full award of attorneys' fees. *Id.* at 7. Although Mr. Caldwell documented what he did not bill for, he did not provide specific billing records for these dates sufficient to receive a full hourly rate award. Likewise, his entry for August 11, 2012 only notes "ground travel from Los Angeles to Upland for client visit (and return)." *Id.* The undersigned will grant two-thirds of this request, as ground travel involves opportunity costs not found in air travel. *See Collins v. Sec'y of Health & Human Servs.*, No. 15-661V, 2017 WL 1315687, at *3 (Fed. Cl. Spec. Mstr. Mar. 15, 2017). The remaining travel entries mirror that of August 7, 2012, namely they do not involve ground travel and state "work usable airport wait and in flight time not billed." Pet'r's Ex. 120 at 15, 16, 18, 19 . The undersigned will therefore grant a half award of these requests. The resulting total reduction of Mr. Caldwell's requested rate for travel is $3,090.

### C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner requests $36,261.09 in attorneys' costs. Mot. Att'ys' Fees 1. These costs are associated with, among others, legal research; travel to and from the District of Columbia; postage; photocopying and faxing; and the expert costs of Dr. Yehuda Shoenfeld. *See generally* Pet'r's Ex. 84-2. Petitioner's request for costs includes an invoice from Dr. Shoenfeld for $18,000. *Id.* at 84-85. This invoice represents Dr. Shoenfeld's travel and work surrounding the December 2013 expert hearing. *Id.* For his services, Dr. Shoenfeld requested an hourly rate of $500, with a reduced rate of $250 for his travel between Tel Aviv and Washington, DC. *Id.* In the past, the undersigned has found an hourly rate of $500 to be reasonable for Dr. Shoenfeld's work. *Bello v. Sec'y of Health & Human Servs.*, No. 13-349V, 2017 WL 785692, at *5 (Fed. Cl. Spec. Mstr. Jan. 24, 2017). The undersigned sees no reason to adjust Dr. Shoenfeld's request and, after finding Petitioner's other costs to be reasonable, will award Petitioner's costs in full.

### IV. CONCLUSION

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that attorneys' fees will be reduced to $116,233.25 and costs granted in full. Accordingly, **the total of $152,494.34[3] to be issued in the form of a check payable jointly to Petitioner and**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

**Petitioner's counsel, F. John Caldwell, Jr., of Maglio Christopher & Toale, PA, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above decision.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders  
Herbrina D. Sanders  
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.